[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brought this summary process action alleging that the defendants breached a written lease by making a partial payment of the July 1991 rent and by failing to pay rent in August 1991.
The defendants filed a counterclaim alleging that the air conditioning unit was inoperable from late June to September of 1991 and that they were justified in withholding rent under section 47a-4a of the General Statutes. That section provides that "(A) rental agreement shall not permit the receipt of rent for any period during which the landlord has failed to comply with subsection (a) of section 47a-7." This latter section sets forth the landlord's responsibilities and states in relevant part (A) landlord shall. . . (4) maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating and other facilities and appliances . . . supplied or required to be supplied by him. . . ."
The court finds that the landlord received notice of the malfunctioning of the air conditioning in June. The tenants had lived on the premises since 1989 and had only just renewed their lease for one year when the malfunction occurred. Ms. Becker admitted that it was not until September that she hired someone to repair the unit. The temperature in the home during the summer reached 105 degrees on occasion which caused the defendants some concern for their young children. A delay in excess of two months in getting the unit repaired was not reasonable. The court finds that the landlord did not act with due haste in providing for the repair of an appliance CT Page 5779 which she supplied. Her attempts to obtain estimates were sporadic. She was not entitled to receive rent for the period in which exceeded a reasonable time for hiring a repairman. Such a time period could be reasonably calculated to be one month.
Accordingly the court finds that the defendants were justified in withholding rent payments from the end of July through August. Judgment shall enter for the defendants.
Leheny, J.